# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Phoeno Wine Company, Inc., *et al*<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10554 (KBO)<br><br>(Jointly Administered) |
| Don A. Beskrone, Chapter 7 Trustee for PHOENO WINE COMPANY, INC., *ET AL*<br><br>Plaintiff,<br><br>v.<br><br>GUIDELINE, INC.<br><br>Defendant. | Adv. Proc. No: 23-50398 (KBO)<br><br>**Related Adv. Docket Nos. 1, 2, and 3** |

## CONSENT ORDER

This Court entered a Temporary Restraining Order (Adv. Docket No. 3) (the "TRO") on June 7, 2023, granting the Plaintiff's Motion for a Temporary Restraining Order (Adv. Docket No. 2) (the "TRO Motion"). The Court also set deadlines for responses and objections to Plaintiff's request for preliminary injunctive relief in the TRO and set a hearing on such request. Plaintiff and Defendant have now jointly requested that the Court vacate and replace the TRO, through a certification of counsel filed by counsel for the Plaintiff, with this agreed Consent Order, which provides for a preliminary injunction and which, therefore, moots the need for a hearing on Plaintiff's request for preliminary injunctive relief. Upon consideration of the Parties' request, the Court finds and concludes as follows:

{01916473;v2 }

A. Defendant Guideline, Inc. ("Guideline") provides certain administrative services for Debtor Underground Enterprises, Inc.'s 401(k) Plan (the "Plan").

B. The Trustee wishes for Guideline to continue to perform administrative services for the Plan, but not allow any withdrawals.

C. The parties have reached an agreement pursuant to which Guideline will continue to perform administrative services, subject to the requirements of this Order, which vacates the TRO and provides for preliminary injunctive relief as described below.

D. Guideline denies any liability to the Trustee.

E. The Court had not yet made any findings on the merits of the case.

Accordingly, it is hereby ORDERED that:

1. The TRO Motion is GRANTED, as set forth herein.

2. Effective immediately, the TRO is vacated, and the Defendant and its affiliates are hereby enjoined from processing any pending or subsequently submitted requests for withdrawals from the Plan without the Trustee's express prior authorization.

3. Except as set forth expressly herein, the Defendant and its affiliates are permitted to continue to perform administrative services in accordance with the Plan.

4. This Order is entered without prejudice to the right of the Defendant or the Plaintiff to request that the Court modify this Order.

5. The previously scheduled hearing on the Trustee's request for preliminary injunctive relief in the TRO Motion is cancelled.

6. This preliminary injunction shall remain in effect until further order of the Court or the dismissal of this case.

7. The Trustee is relieved from posting any security pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure.

8. The terms and conditions of this Order shall be effective immediately and enforceable upon its entry.

9. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation, or enforcement of this Order.

Dated: June 20th, 2023  
Wilmington, Delaware

**KAREN B. OWENS**  
**UNITED STATES BANKRUPTCY JUDGE**

{01916473;v2 }

3